FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

7/15/24

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARA ALBRETSEN,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, a governmental entity,<br><br>    Defendant. | No. 2:23-CV-00044-SMM<br><br>**ORDER** |

Pending before the Court is Plaintiff Mara Albretsen's Motion for Partial Summary Judgment on Liability. (Docs. 39–41). The Motion is fully briefed. (Docs. 39–41, 47–51). For the following reasons, the Motion is denied.

**I.    BACKGROUND**

This action arose from a vehicle accident that occurred on October 27, 2021, in which on-duty Deputy U.S. Marshal Andrew Creese ("DUSM Creese") failed to stop his government vehicle and rear-ended the vehicle of Mara Albretsen ("Plaintiff" or "Albretsen"), who was traveling ahead of DUSM Creese. (Docs. 39 at 12, 40 at 1–2, 48 at 1–2). Albretsen was traveling on North Sullivan Road in Spokane, Washington and stopped her vehicle at the intersection of Mission Avenue. (Doc 40 at 2, Doc. 48 at 2). Although the traffic light was green at the time, Albretsen alleges that she stopped her vehicle at the intersection because the traffic past the intersection was backed up and Albretsen was attempting to keep the intersection clear. (Id.)

During those moments, DUSM Creese, who was traveling behind Albretsen, briefly diverted his attention to his law enforcement radio, which had sounded a tone. (Doc. 40 at 3, Doc. 48 at 3). When DUSM Creese looked back up, DUSM Creese saw that the vehicle in front of him—the vehicle driven by Albretsen—had stopped. (Id.) DUSM Creese was unable to change lanes due to vehicles on either side of his truck and, though DUSM Creese applies pressure to his brakes, DUSM was unable to stop his truck from crashing into Albretsen's vehicle. (Doc. 40 at 3–4, Doc. 48 at 3–4). DUSM Creese maintains that the traffic was flowing through that intersection and the next one or two intersections. (Doc. 48 at 2, 4).

Albretsen filed this action against the United States of America ("the Government") pursuant to the Federal Tort Claims Act on February 16, 2023. (Doc. 1). Plaintiff filed the present Motion for Partial Summary Judgment on Liability on April 17, 2024. (Doc. 39).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment must be granted, on motion, "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is appropriate when the admissible evidence, viewed in the light most favorable to the nonmoving party, "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Jesinger v. Nev. Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). The burden is on the moving party to show that there is no genuine issue of material fact which would preclude summary judgment. See Celotex, 477 U.S. at 322–23. The burden then shifts to the nonmoving party to establish that a genuine issue of material fact exists. See id. A material fact is one which "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Only

disputes over facts that might affect the outcome of the suit ... will properly preclude the entry of summary judgment." Id.

### III. DISCUSSION

Plaintiff argues that summary judgment is appropriate on the issue of liability because DUSM Creese was negligent in failing to follow Plaintiff's vehicle at a safe distance, in failing keep a lookout for cars ahead of him, and in crashing into Plaintiff's car. (Doc. 39 at 6). Plaintiff argues that under Washington law, the primary duty of avoiding a collision rests on the following driver. Bichl v. Poinier, 429 P.2d 228, 229–230 (Wash. 1967). In the absence of unusual road conditions, Plaintiff argues, the following driver is negligent if that driver runs into the car ahead. Id., citing Flaks v. McCurdy, 390 P.2d 545 (1964). Because DUSM Creese admitted to having diverted his attention from the road and also testified that the traffic was not unusual on that day, Plaintiff argues that DUSM Creese was negligent as a matter of law in crashing into Plaintiff. (Doc. 69 at 6–7).

The Government asserts that Plaintiff was contributorily negligent[1] in causing the rear-end collision and contends that the fault attributable to each party is a matter for the trier of fact, not summary judgment. (Doc. 47 at 1). The Government argues that Plaintiff aggressively braked her car when she did not need to, thereby causing DUSM Creese to be unable to avoid crashing into Plaintiff's vehicle. (Id. at 1–2). The Government concedes that it may be attributed some fault for the accident, but argues that evidence that Plaintiff's sudden stop was unusual and unable to be anticipated must be evaluated by the trier of fact. See Rhoades v. DeRosier, 546 P.2d 930, 949 (Wash. Ct. App. 1976).

The Court agrees with the Government that evidence has been presented to suggest that Plaintiff's sudden stop was unusual and could not have been

---

[1] Under Washington's contributory negligence statute, through which the state adopted comparative fault principles, a plaintiff's contributory negligence no longer bars recovery but instead reduces the plaintiff's recovery by the percentage of negligence involved. See Wash. Rev. Code § 4.22.005; see also ESCA Corp. v. KPMG Peat Marwick, 959 P.2d 651, 655–56 (Wash. 1998).

anticipated by DUSM Creese. Accordingly, a question of fact has been raised which prevents summary judgment on the matter of negligence. Though Plaintiff argues that DUSM Creese is negligent as a matter of law because DUSM Creese failed to maintain a safe following distance and failed to maintain a lookout, "[a] following driver [] is not negligent as a matter of law simply because the preceding vehicle has been struck from the rear." Id. "[U]nless the evidence when interpreted most strongly against the plaintiff and most favorably for the defendant establishes negligence on the part of the defendant and an absence of negligence on the part of the plaintiff, the motion [for summary judgment] must be denied." Hough v. Ballard, 31 P.3d 6, 15 (Wash. Ct. App. 2001) (quoting Harris v. Burnett, 532 P.2d 1165 (Wash. Ct. App. 1975)). Accordingly, the Court finds that summary judgment on the matter of DUSM Creese's negligence is inappropriate and denies Plaintiff's Motion.

**IT IS THEREFORE ORDERED denying** Plaintiff's Motion for Partial Summary Judgment on Liability.

Dated this 15th day of July, 2024.

_____
Honorable Stephen M. McNamee
Senior United States District Judge